UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD EUGENE DAVIDSON,

    Petitioner,

v.                                      Nos.:  3:08-cr-169
                                                      3:13-cv-301
                                                    *Judge Phillips*

UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM AND ORDER**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Richard Eugene Davidson ("petitioner"). For the following reasons, the United States Attorney shall not be required to file a response to the § 2255 motion at this time and petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion should not be dismissed as untimely.

Petitioner was found guilty by a jury of various drug-trafficking and firearm crimes and was sentenced to a total term of imprisonment of 378 months. His conviction was affirmed on direct appeal. *United States v. Davidson*, 452 F. App'x 659 (6th Cir. Dec. 21, 2011). Section 2255 provides for a one-year statute of limitation within which to file a

motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In a case such as this where a direct appeal was filed, the statute of limitation commenced when the 90-day period for seeking certiorari review expired, despite the fact that petitioner did not file a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). For purposes of Supreme Court review, "'[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate'"). *Id*. at 527 (quoting Supreme Court Rule 13(3)).

The Sixth Circuit's opinion affirming petitioner's judgment of conviction was filed December 21, 2011. The one-year statute of limitation thus commenced on March 20, 2012, and petitioner had until March 20, 2013, to file his § 2255 motion. Petitioner filed his § 2255 motion on May 21, 2013.[1]

Petitioner claims that his § 2255 motion is timely because it was filed within one year of the Supreme Court's denial of his petition for writ of mandamus. Petitioner did file a petition for writ of mandamus with the Supreme Court, which was denied on October 1, 2012). *In re Davidson*, 133 S. Ct. 227 (Oct. 1, 2012). He admits, however, that he did not

---

[1]Although the court received the § 2255 motion on May 24, 2013, the motion contains a certificate that it was placed in the prison mailing system on May 21, 2013, and thus is considered filed on that date under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

file a petition for certiorari in the Supreme Court. To the best of this court's knowledge, a petition for writ of mandamus cannot substitute for a petition for a writ of certiorari. *See Ex parte Park Square Automobile Station*, 244 U.S. 412, 412-416 (1917) (absent exceptional circumstances, a petition for the writ of mandamus is not a substitute for a petition for a writ of certiorari for purposes of reviewing a lower court's decision).

Accordingly, petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion is not barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge